UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | |
| ) | Bankruptcy Case |
| JULIE LAWSON LEE, ) | No. 13-60647-tmr7 |
| ) | |
| ) | MEMORANDUM OPINION |
| Debtor. ) | |

This matter comes before the Court on Trustee's objection to Debtor's claimed exemption in spousal support. The facts are uncontested. The parties have submitted Debtor's dissolution judgment and have agreed her written submissions may be treated as evidence.

**Facts**:

Debtor was married in 1987 to Brent Lee. The couple had four children. Debtor and Mr. Lee were divorced by stipulated judgment (the Judgment) entered on December 26, 2012, in Josephine County Circuit Court. At the time, Debtor was approximately 52 years old.[1] Only one of the children was then under 18. The Judgment is a "fill in the blank" form.[2] It reveals Debtor and Mr. Lee had no interest in real property. It awards each party their own retirement benefits and indicates all other personal property had already been divided. It contains no other property division. Debtor assumed responsibility to pay three listed debts and

---

[1] The Judgment indicates Debtor was born in 1960 but does not provide the exact date.

[2] The Court takes judicial notice that the form was developed by the Office of the State Court Administrator for optional use by local courts.

MEMORANDUM OPINION-1

hold Mr. Lee harmless therefrom. No child support is awarded to either party. The Judgment awards what is denominated "spousal support" to Debtor in the lump sum of $15,000 to be paid by June 30, 2019. Debtor and Mr. Lee had agreed to a lump sum because Mr. Lee's business was then unprofitable and he needed leeway in making the payment. Per the Judgment, the $15,000 payment is taxable to Debtor and deductible to Mr. Lee, and the obligation terminates upon either party's death.

Debtor filed her Chapter 7 petition pro se on March 4, 2013, and through Amended Schedule C claimed the $15,000 award exempt.

**Discussion:**

A party in interest, including the trustee, may object to a debtor's claimed exemptions. FRBP 4003(b)(1). The objecting party has the burden of proof to establish the debtor is not entitled to the claimed exemption. FRBP 4003(c). The objector must show by a preponderance of evidence that the debtor has not properly claimed the exemptions. Kelley v. Locke (In re Kelley), 300 B.R. 11, 17 (9th Cir. BAP 2003). A debtor's claimed exemptions are entitled to a presumption of validity. Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). The initial burden of production to rebut the presumption belongs to the objecting party. Id. If rebutted, the burden of production shifts to the debtor to "to come forward with unequivocal evidence to demonstrate that the exemption is proper." Id. "The burden of persuasion, however, always remains with the objecting party." Id.

When this case was filed, Oregon had opted out of the exemptions available under 11 U.S.C. § 522(d),[3] ORS 18.300 (2011), and thus Debtor was limited to those available under state law. Debtor claims the $15,000 award exempt under ORS 18.345(1)(i) which exempts "[s]pousal support . . . to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Oregon law controls as to how to characterize the award. In re Diener (Diener vs. McBeth), 483 B.R. 196, 203 (9th Cir. BAP 2012). Trustee argues that because the support is set up as a one-time payment, it is in reality an account receivable

---

[3] Since the case was filed, Oregon has opted back in and allows debtors to choose between state law and § 522(d) exemptions, in cases filed on or after July 1, 2013. ORS 18.300 (2013); 2013 Or. Laws ch. 597, §§ 5-6.

MEMORANDUM OPINION-2

in the nature of property division.[4] Debtor argues the award is what the Judgment says it is, that is, "spousal support." More particularly, she maintains it is "compensatory support," because she helped raise the children and made financial and other contributions to Mr. Lee's earning capacity. See ORS 107.105(1)(d)(A)-(C) recognizing three kinds of spousal support, transitional, compensatory, and maintenance.

> 'The distinction between a property division and spousal support in a judgment of dissolution is important because support orders are judicially modifiable, while property divisions are not.' *Thomas and Thomas,* 160 Or.App. 365, 369, 981 P.2d 382 (1999). No single fact is capable of distinguishing between the two types of payments. *See id.* Instead, we look to the facts of each case for the various "earmarks of spousal support" to determine the proper characterization. *Esler and Esler,* 66 Or.App. 452, 454, 673 P.2d 1386 (1984). We have recognized a variety of relevant factors, including: (1) how the obligation was denominated, or "labeled," in the MSA; (2) whether the obligation requires monthly payments; (3) whether the obligation is interest-bearing; (4) whether the obligation survives the death of the parties; (5) how the parties have characterized the payments for tax purposes; and (6) whether a spousal support award would have been appropriate in the case. *See id.* at 454, 673 P.2d 1386 (applying factors); *see also Fletcher and Fletcher,* 72 Or.App. 708, 712–13, 696 P.2d 1182, *rev. den.,* 299 Or. 251, 701 P.2d 784 (1985) (Rossman, J., dissenting) (enumerating relevant factors relied on in prior cases).

In re Marriage of Miller, 207 Or App. 198, 203, 140 P.3d 1172, 1175 (2006), adhered to as modified on reconsid. on other grounds, 208 Or. App. 483, 144 P.3d 1061 (2006) (construing marital settlement agreement incorporated in a dissolution judgment).

Applying the Miller factors:

1. The obligation is labeled as "spousal support;"

2. Payment is in lump sum;

3. The obligation is not interest-bearing;

4. The obligation terminates upon the death of either party;

5. Any payments made are taxable to Debtor and deductible to Mr. Lee; and

---

[4] Trustee has not argued in the alternative that even if the award is spousal support, it is not reasonably necessary for Debtor's and any dependent's support.

MEMORANDUM OPINION-3

6. An award of spousal support would have been appropriate given Debtor's 25-year marriage with four children, and her contributions to the marital household including Mr. Lee's earning capacity.

All of these factors, except perhaps #2, suggest the obligation is support. See Matter of Marriage of Harden, 67 Or. App. 687, 690, n.3, 679 P.2d 348, 350 (1984). However, even as to factor #2, Oregon law specifically allows for spousal support "in gross," ORS 107.105(1)(d), and consistent therewith, the state-approved form provides for same. Here, Debtor has adequately explained why the support was structured in lump sum.

**Conclusion:**

The Court finds the Judgment's $15,000 award is exempt spousal support. Trustee's objection is therefore overruled. The Court will enter an order consistent therewith. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law pursuant to FRBP 7052.

THOMAS M. RENN
Bankruptcy Judge

MEMORANDUM OPINION-4